UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 25-cv-25591-DPG**

BRIDLINGTON BUD LTD,

 Plaintiff,
v.

THE PARTNERSHIPS, UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

 Defendants.

_____/

**PRELIMINARY INJUNCTION**

 **THIS CAUSE** is before the Court upon Plaintiff BRIDLINGTON BUD LTD's Request for Entry of Preliminary Injunction Order [ECF No. 7]. The Court entered the Temporary Restraining Order [ECF No. 11] and set a hearing to determine whether a preliminary injunction should be issued.

 The Court conducted a duly noticed Preliminary Injunction hearing on February 10, 2026. The Court has carefully considered the record in this case, including the evidence submitted and argument from counsel. For the reasons stated on the record and set forth below, Plaintiff BRIDLINGTON BUD LTD's request for preliminary injunctive relief is **GRANTED** with respect to Defendants No. 1, 2, 3, 5, 10, 13, 14, 16, 18, 21, 22, 23, 26, 27, 29, 30, 31, 32, and 33 (the "Defendants").

 **I. Factual Background**

 The following factual background is taken from Plaintiff's Complaint, [ECF No. 1], the Application, and supporting evidentiary submissions and exhibits.

Plaintiff is the owner of the federally registered trademark ACDANC (referred herein phonetically as the "ACDANC" mark) under U.S. Trademark Registration No. 6,362,407. *See* Exhibit 1, [ECF No. 7-1]; *see also* Decl. of Du, [ECF No. 7-3 ¶ 3]. The ACDANC mark is used in connection with cleaning brushes for household use, grooming tools for pets, empty spray bottles, and related products. *Id*.

Defendants, through internet-based e-commerce stores operating under their seller aliases identified on Schedule A attached herewith, have advertised, promoted, offered for sale, or sold infringement products using the ACDANC mark. *See* Decl. of Du, [ECF No. 7-3 ¶¶ 9-12]. Plaintiff's evidence shows that Defendants directly target business activities toward consumers in the United States, including Florida, through their fully interactive e-commerce platforms. *See* Decl. of Du, [ECF No. 7-3 ¶¶ 9-12]; [ECF No. 7-4]. Plaintiff has not licensed or authorized these Defendants to use the ACDANC mark, and none of the Defendants are authorized retailers of genuine ACDANC Products. [ECF No. 7-3 ¶ 13].

Further, Plaintiff has reviewed the images and product description displayed on the websites, including the domain name, the product listing, the product information, and detailed seller information of each seller identified on Schedule A. *See* Decl. of Palmer, [ECF No. 7-2, ¶ 2]. Plaintiff has determined that Defendants are promoting, advertising, offering for sale, and/or selling various clock products using the ACDANC mark, without authorization, via Internet-based e-commerce stores operating under the seller names identified on Schedule A. *Id.* Further, after reviewing the infringing evidence, Plaintiff also believes that it is apparent that the activities of the sellers identified in Schedule A are consistent with the general patterns of online counterfeiting activities. *Id.* ¶ 4.

## II. Legal Standard

To obtain a preliminary injunction, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

## III. Discussion

The declarations and Infringing Evidence Plaintiff submitted, and the representations made during the Preliminary Injunction hearing, support the following conclusions of law:

1. Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of goods bearing and/or using counterfeits, reproductions, or colorable imitations of the ACDANC mark, and that the products Defendants are selling and promoting for sale are copies of the Plaintiff's products that bear and/or use copies of the ACDANC mark.

2. Because of the infringement of the ACDANC mark, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in Plaintiff's Complaint, request for Preliminary Injunction, and declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers:

   a. Defendants own or control e-commerce stores operating under their stores aliases which advertise, promote, offer for sale, and sell products bearing and/or using counterfeit and infringing trademarks in violation of Plaintiff's rights; and

      b.      There is good cause to believe that more counterfeit and infringing products bearing and/or using Plaintiff's trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for their genuine products.

      3.      The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products if such relief is not issued.

      4.      The public interest favors issuance of the preliminary injunction to protect Plaintiff's trademark interests, to encourage respect for the law, to facilitate the invention and development of innovative products, and to protect the public from being defrauded by the illegal sale of counterfeit goods.

      5.      Pursuant to 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing and/or using counterfeits and infringements of the ACDANC mark. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'") (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.,* 299 F.2d 772, 777 (7th Cir. 1962)).

      6.      Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995).

4

7. Considering the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

**IV. Conclusions**

Accordingly, upon due consideration of Plaintiff's Complaint, Motion, and supporting evidentiary submissions, it is **ORDERED AND ADJUDGED** that pursuant to 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, 28 U.S.C. § 1651(a), and the Court's inherent authority, Plaintiff's Request for Entry of a Preliminary Injunction is **GRANTED** as set forth below:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them are preliminarily enjoined and restrained from:

    a. using Plaintiff's ACDANC mark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine ACDANC product or not authorized by Plaintiff to be sold in connection with Plaintiff's ACDANC mark;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine ACDANC product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's ACDANC mark;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d.    further infringing Plaintiff's ACDANC mark and/or damaging Plaintiff's goodwill;

    e.    otherwise competing unfairly with Plaintiff in any manner; and/or

    f.    shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's ACDANC trademark or any reproductions, counterfeit copies or colorable imitations thereof.

2. Defendants and any person in active concert or participation with them who have actual notice of this Order shall be preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

3. Any third-party providers, including PayPal, Payoneer, and Walmart, Inc. shall, within two (2) business days of receipt of this Order, for any of Defendants or any of Defendants' Online Marketplace Accounts or websites:

    a.    locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any financial accounts connected to the information listed in Schedule A attached hereto and any email addresses provided for Defendants by third parties; and

    b.    restrain and enjoin any such accounts or funds from transferring or disposing of money or any other assets belonging to Defendants until further ordered by this Court.

4. This Order shall apply to the Seller Aliases, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of infringing the ACDANC mark at issue in this action and/or unfairly competing with Plaintiff.

5. Defendants subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

6. Defendants and financial institution account holders subject to this Order may petition the Court to modify the asset restraint set out in this Order.

7. The Court finds that the bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00) posted by Plaintiff is sufficient and shall remain with the Court.

8. This Order shall remain in effect during the pendency of this action or until further Order of this Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of February, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

## Schedule A Defendants

| Def. # | Seller Aliases | Defendants' Walmart Store URLs |
|---|---|---|
| 1 | Wuuwee | https://www.walmart.com/global/seller/101626893 |
| 2 | SunnyDeeshop | https://www.walmart.com/global/seller/102936186 |
| 3 | Mf stores | https://www.walmart.com/global/seller/101630610 |
| 5 | Easygou | https://www.walmart.com/global/seller/101663724 |
| 10 | HESHU Co.Ltd | https://www.walmart.com/global/seller/101612700 |
| 13 | Raoyue Clothing | https://www.walmart.com/global/seller/101594507 |
| 14 | haoxiang jia | https://www.walmart.com/global/seller/102807160 |
| 16 | ZOUSAN TRADING | https://www.walmart.com/global/seller/102822477 |
| 18 | Balance Store | https://www.walmart.com/global/seller/102492565 |
| 21 | ORINGHE INC | https://www.walmart.com/global/seller/102823665 |
| 22 | QIEYE TRADING | https://www.walmart.com/global/seller/102817743 |
| 23 | TanChenYi | https://www.walmart.com/global/seller/102750213 |
| 26 | XIAOLONG TRADING | https://www.walmart.com/global/seller/102816523 |
| 27 | yanxinkeji shop | https://www.walmart.com/global/seller/102914662 |
| 29 | zhoumao 123 STORE | https://www.walmart.com/global/seller/102916578 |
| 30 | zhouyuchang llc | https://www.walmart.com/global/seller/102919908 |
| 31 | BiFaCai Home Mall | https://www.walmart.com/global/seller/102584027 |
| 32 | Cutee Store | https://www.walmart.com/global/seller/102790844 |
| 33 | LGXw | https://www.walmart.com/global/seller/102719234 |